# Heffner Hurst

Class and complex litigation

**Matt Heffner**
Partner

30 N. LaSalle St.
Suite 1210
Chicago, Illinois 60602
312.346.3466
mheffner@heffnerhurst.com

**The Honorable Paul G. Gardephe**
Thurgood Marshall United States Courthouse
40 Foley Square – Courtroom 705
New York, NY 10007

**VIA ECF**

May 19, 2023

Re: *Koenigsberg et al. v. The Board of Trustees of Columbia University*
23 Civ. 1044 (PGG)

Dear Judge Gardephe:

On behalf of Plaintiffs, we write in response to the Defendants' pre-motion letter of April, 26, 2023 (Dkt. 14).

Plaintiffs allege that they were misled into applying to Columbia and paying it an $85 application fee because they thought Columbia was a top 5 school. Cmplt, Dkt. 1 at ¶ 51. It was not. Columbia fed U.S. News & World Report ("USNWR")—the preeminent and most influential ranking service of undergraduate colleges and universities—false data that created a false impression of itself as alleged in Plaintiffs' complaint. *Id*. at ¶¶ 22-32. Plaintiffs seek to remedy their loss of the chance to apply to a top 5 college and their $85 application fees paid to Columbia, using New York General Business Law § 349, or § 350, or the common law claim for restitution or recission in equity/unjust enrichment.

Defendant's letter claims that this alleged fact pattern fails to state a claim for relief under Federal Rule 12(b)(6) and that the Court does not even have subject-matter jurisdiction to hear such claims under Rule 12(b)(1) because "at the most basic level, Plaintiffs received precisely what they bargained for: consideration for admission by a school ranked in the top 5 by USNWR." Dkt. 14 at 1. Most of Defendant's arguments rely on this mischaracterization of Plaintiffs' claims and ignore the heart of the matter—that Columbia misled USNWR and that it was not, in fact, a top 5 school. Dkt. 1 at ¶¶ 22-32. It may very well be that Columbia can prove, at trial, after discovery, that it should have been ranked in the top 5 in the nation by USNWR. But that is a fact question not suitable for a Rule 12(b)(1) or (6) motion.

Nor do Columbia's more specific arguments clear the high hurdle needed to dismiss this case because they do not establish "beyond doubt that the plaintiff can prove no set of facts in support to his claim which would entitle him to relief." *Valmonte v. Bane,* 18 F.3d 992, 998 (2d. Cir.1994). Specifically:

**(1) Plaintiffs have Article III standing.**

Plaintiffs have alleged a cognizable injury-in-fact. Columbia's alleged deception was a material factor in the Plaintiffs' paying $85 each to apply to the school. That is their economic injury: $85 per person. In addition, each plaintiff has been injured, and so has standing, because each was deprived of the chance to be considered for admission to a top 5 college in the United States.

Columbia's argument that Plaintiffs received what they bargained for is a fact issue, and inconsistent with the well-pled allegations of the Complaint. It is nothing more than the circular argument that because Columbia believes it will prevail on the merits, there should be no standing. Again, Columbia misses the point of the Complaint—that Columbia should not have been ranked in the Top 5 in the USNWR, and was not a top 5 school in reality, because it misled that publication and Plaintiffs by supplying USNWR with false data. As a result, Plaintiffs most certainly did not "receive[] precisely what they bargained for." Dkt. 14 at 1.

**(2) Plaintiffs have adequately alleged claims under GBL §§ 349 and 350.**

Defendant asserts four grounds for dismissal of Plaintiffs' GBL §§ 349 and 350 claims. None of these have merit.

*First*, Defendant argues that the claims are time-barred. Dkt. 14 at 2. GBL claims have a three-year statute of limitations. *People ex rel. Spitzer v. Cnty. Bank of Rehoboth Beach, Del.*, 846 N.Y.S.2d 436, 439 (2007). But, as the case law cited by Defendant holds, accrual of an action is tolled when the defendant conceals the nature of its conduct. *Statler v. Dell, Inc.*, 841 F. Supp. 2d 642, 647 (E.D.N.Y. 2012)("equity can toll the statute of limitations only upon a showing of: (1) wrongful conduct on the part of Defendants and (2) diligence on the part of Plaintiff."). A party simply cannot protect his rights by bringing suit if he does not know, and cannot discover, that those rights have been violated.

*Statler* involved an attempt to bring a GBL suit for defective computers seven years after they were purchased. *Id.* at 645. But within the limitations period, the defendant admitted to the existence of the defects and the plaintiff was aware that his computers were defective. *Id.* The court concluded that equitable tolling did not apply because there was no attempt by defendant to conceal the defects and, even if there was, the plaintiff did not act with reasonable diligence. *Id.* at 647-48.

This case is not *Statler*. Here, the Complaint alleges Defendant submitted false information to the government and USNWR over an extended period of time, both before and

after the year in which Plaintiffs applied to Columbia. Dkt. 1 at ¶¶ 22-32. Defendant's submission of false data is inherently self-concealing. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668, 697 (S.D.N.Y. 2019)(limitations tolled where false information provided by defendant is "inherently self concealing, because [i]ts alleged falsity is information of which only the Defendants could be aware." (citations and quotations omitted)). And Plaintiffs here alleged that they were deceived by Columbia's false data and had no way of "knowing or learning" about it. Dkt. 1 at ¶¶ 73 & 74. Under *Statler* and *Michelo*, then, the limitations period is tolled until the truth was first reported in February 2022. *Id.* at ¶ 36. This suit is timely since it was brought within a year of those disclosures.

**Second**, Defendant argues that "Plaintiffs fail to allege an actual injury" because they were "considered for admission by a top 5 reach school." Dkt. 14 at 2. That is simply not true and contrary to the well-plead allegations of the Complaint. As alleged in the Complaint, Columbia provided false data that increased its ranking. Dkt. 1 at ¶¶ 22-32. Prior to this, Columbia was ranked 18th in the USNWR rankings and, had it been reporting accurately at the time Plaintiffs applied, it would not have even been a top 10 school. *Id.* at ¶¶ 19 & 35. Reality cannot be based on falsity.

To state an injury under the GBL, "a plaintiff must allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015). Here, Plaintiffs were injured by being deceived into applying to Columbia instead of an actual top 5 reach school. Dkt. 1 at ¶ 67. As alleged, because of the cost of applications, college applicants may not apply to every school imaginable, and are routinely advised to apply to only one or two reach schools. *Id.* at ¶ 43. The alleged injury to Plaintiffs is the opportunity cost they suffered by being induced to apply to Columbia based on false data instead of a school that was actually a top 5 school.

**Third**, there is a sufficient nexus with New York. Plaintiffs have alleged that the alleged false statements that gave rise to the rankings inflation originated in New York, Dkt. 1 at ¶¶ 6-7 & 33, that applications and marketing materials based on those statements were solicited from New York, *id.* at ¶ 45, and that the application fees were solicited and received in New York, *id.* at ¶ 46. The Second Circuit, following the New York Court of Appeals decision in *Goshen v. Mutual Life Insurance Company of New York*, 746 N.Y.S.2d 858, 863 (2002), held that "a deceptive transaction in New York falls within the territorial reach of section 349 and suffices to give an out-of-state victim who engaged in the transaction statutory standing to sue under section 349." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013). The focus is on "the strength of New York's connection to the allegedly deceptive transaction." *Id.* at 122. In this case, there is a New York entity, issuing false statements from New York and, as a result, receiving application fees in New York. This is a far cry from the examples offered by Defendant where the only connection to New York was through a "marketing plan," *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 203 n.19 (S.D.N.Y. 2009), or because the defendant "designed the contest rules and conditions in New York." *Wheeler v. Topps Co., Inc.*, No. 22 CIV. 2264 (LGS), 2023 WL 405015, at * 3 (S.D.N.Y. Jan. 25, 2023).

      Further, Defendant's reliance on *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 403 (S.D.N.Y. 2010), is misplaced. In that case, neither the plaintiffs nor the defendants were located in New York at the time of the transaction. *Id.* at 397-98. Indeed, the only connection to New York was the fact that the hotels that plaintiffs booked through defendants' third-party booking site were located in the state. That is not the case here where everything complained of occurred in New York. Additionally, *Chiste* predates the Second Circuit's decision in *Cruz*. As *Cruz* makes clear, the nexus analysis should focus on the "strength of New York's connection to the allegedly deceptive transaction," *not* "the residency of the parties." *Cruz*, 720 F.3d at 122.

      *Fourth*, Defendant argues that Plaintiffs fail to identify any misrepresentations or advertisements by Columbia. But Plaintiffs have explicitly stated that they have seen the misstatements by Defendant as represented in the USNWR rankings. Dkt. 1 at ¶¶ 64-65, 67, 70, 83, & 85. Columbia is not insulated from liability for submitting false data simply because a third party then transmitted that data to the consuming public, *see*, *e.g.*, *id.* at ¶¶ 72 & 82-83, and Defendant has cited no case supporting that proposition.

**(3) Plaintiffs have adequately alleged an equitable claim for rescission or restitution.**

      To state a claim for unjust enrichment under New York law, Plaintiffs must show that "(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) that it would be inequitable to permit the defendant to retain that which is claimed by Plaintiff." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 524 (S.D.N.Y. 2015).

      Plaintiffs have adequately alleged each of these elements. The Complaint alleges that Columbia was enriched by receiving more application-fee income than it should have if it had submitted the correct data regarding it to USNWR and it had been ranked appropriately (because schools reliably receive a documented increase in the number of applications due to a higher rank in USNWR). Dkt. 1 at ¶ 12. The Complaint alleges that this enrichment came at the expense of the Plaintiffs through their payment of application fee to Columbia. *Id.* at ¶ 47. And the Complaint alleges that it would be inequitable to permit Columbia to retain that enrichment. *Id.* at ¶ 93.

      Columbia argues this is not enough. *First*, it complains that the unjust enrichment claim is simply duplicative of the GBL claims. Dkt. 14 at 3-4. But that is not true, as tacitly admitted in Columbia's letter since they are not seeking to dismiss the two claims for the same reasons. For example, the unjust enrichment claim

- is not subject to the same statute of limitations, *compare Ferring B.V. v. Allergan, Inc.*, 932 F. Supp. 2d 493, 513 (S.D.N.Y. 2013)(unjust enrichment subject to six-year statute of limitations), *with Statler v. Dell, Inc.*, 841 F.Supp. 2d 642, 648 (E.D.N.Y. 2012)(GBL claims subject to three-year statute of limitations);

- applies regardless of a sufficient nexus to New York;

4

- does not require that Plaintiffs be exposed to any misrepresentations by Columbia; and

- might result in a different damage calculation, since it sounds in equity, *see. e.g., MacIntyre v. Moore*, 335 F. Supp. 3d 402, 412 (W.D.N.Y. 2018). In other words, the amount Columbia was enriched through additional application-fee income might not equate to the GBL damages for economic loss to each Plaintiff.

Further, the particular facts here also distinguish this case from a typical GBL false-advertising claim found in the cases Defendant cites. Dkt. 14 at 3-4. Here, Plaintiffs will have to prove that it is inequitable for Columbia to retain the application fee income it should not have received. That is not an element of a GBL claim. Plaintiff will do this, in part, by pointing to the rare position a college is in with relation to the applicants to their school, that top tier schools are effectively "selling" a one-time lottery ticket to each highly qualified applicants to attend a school whose reputation—as greatly determined by USNWR—might change the course of their life, job earnings, and even their potential marriage partner. Dkt. 1 at ¶ 43. And that chance cannot be recovered, unlike in a case where someone buys the wrong shoes and one can simply buy another pair like in the non-analogous case of *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137 (S.D.N.&. 2022), cited by Defendant, involving puffery. Dkt. 14 at 3-4. Given these differentiating factors, this unjust enrichment claim is not "duplicative" of a typical false advertising claim under the GBL.

In sum, then, while Plaintiffs certainly cannot recover for both claims, they can plead them in the alternative. *See G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 534-35 (S.D.N.Y. 2002)(citing Fed.R.Civ.P. 8(e)(2) and related cases in rejecting argument that two claims were duplicative since they could be pled in the alternative).

*Second*, Plaintiffs allegations are not subject to FRCP 9(b) because Plaintiffs have not pled fraud. Plaintiffs have alleged that Columbia submitted false and misleading data but have not alleged intent, which is key to a fraud claim. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994)("Therefore, to serve the purposes of Rule 9(b), we require plaintiffs to allege facts that give rise to a strong inference of fraudulent intent."). Columbia's intent is irrelevant in a claim for unjust enrichment and so need not be—and has not been—pled.

*Third*, Plaintiffs have adequately pled a loss of both their application fee and their ability to apply to a top 5 school. Columbia's letter does not even address the second issue, one that is certainly difficult to quantify in monetary terms but still a loss. So, too, is the $85 application fee a loss. Columbia's defense to that—that Plaintiff would have paid that fee to another school—is irrelevant in an unjust enrichment claim, which only requires proving that Columbia was enriched (they were), at Plaintiffs' expense (the $85 application fee), and it would be inequitable for Columbia to keep the fee.

Plaintiffs' claims deserve to be heard by a jury. Columbia has already admitted it submitted false data, Dkt. 1 at ¶¶ 37, 40, and it should be held accountable to the college applicants it harmed as a result.

Respectfully submitted,

*/s/ Matthew T. Heffner*

Matthew T. Heffner